IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POSITIVE RESULTS MARKETING, INC. | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | 3:CV-08-0382 |
| | : | (JUDGE VANASKIE) |
| BUFFALO-LAKE ERIE WIRELESS | : | |
| SYSTEMS CO., LLC, BRIAN GELFAND, | : | |
| STEPHEN LINES | : | |
|     Defendants | : | |

ORDER

May 16, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 30, 2008, Plaintiff Positive Results Marketing, Inc., commenced an action in the Court of Common Pleas of Lackawanna County against Defendants Buffalo Lake Erie Wireless Systems Co., LLC, Brian Gelfand and Stephen Lines. In paragraph 7 of the Complaint, Plaintiff alleged that it "and the Defendants agreed on or about October 18, 2007, that the Plaintiff would open, own and operate two authorized retail stores in Old Forge and Wyoming, Pennsylvania and two Kiosks in Kingston and Larksville, Pennsylvania, for purposes of selling Blue Wireless Cellular Telephone Communication Services and accessories."

On February 28, 2008, Defendants timely removed the matter to this Court, asserting that the individual defendants (Gelfand and Lines) had been joined fraudulently in

order to defeat the diversity of citizenship that otherwise existed between the Pennsylvania Corporate Plaintiff and the corporate Defendant, a New York Corporation.[1]  Specifically, Defendants asserted that Defendant Lines, a Pennsylvania citizen, acted in his capacity as an agent of Defendant Buffalo-Lake Erie Wireless Systems Co., LLC, in connection with the agreement alleged in Paragraph 7 of the Complaint.  Defendants submitted an affidavit of Mr. Lines attesting to the fact that he is neither a member, shareholder, nor partner of the corporate Defendant, and that he acted in his capacity as an agent of the corporate defendant in dealing with the corporate Plaintiff.

On March 25, 2008, Plaintiff filed a motion to remand, asserting that the presence of Defendant Lines destroyed diversity of citizenship jurisdiction, thereby precluding removal of this case from state court.  Plaintiff relied upon the fact that its "cause of action was founded upon a verbal agreement," asserting that Defendant Lines "is an essential party to the Plaintiff's cause of action in quantum meruit and/or brief of contract as one of the individual Defendant's [sic] who met with and contracted with the Plaintiff in this business venture." (Brief in Support of Motion to Remand at 5.)

Where, as here, removal is based upon diversity jurisdiction, Defendants must show that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  Defendants may carry this

---

[1]Defendant Gelfand is also a citizen of New York.

burden by showing that "there is no reasonable basis in fact or colorable ground supporting the claim" against a non-diverse defendant, "or no real intention in good faith to prosecute the action against the defendant or seek a joint judgement." Boyer v. Snap-On-Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The Defendants carry a heavy burden: "If there is even a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id.

In this case, Plaintiff has alleged that it entered into an agreement with all three Defendants, including the corporate Defendant. Plaintiff has not alleged, however, the existence of a joint venture or partnership between the individual defendants and the corporate Defendant. Instead, the Complaint necessarily implies that any agreement with the corporate Defendant resulted from the discussions between Plaintiff's corporate agent and the Corporate Defendant's agents. Significantly, the Complaint does not allege that Defendant Lines failed to disclose the existence of the corporate principal. Nor does the Complaint allege that Plaintiff was unaware of the existence of the corporate Defendant. Other than Plaintiff's bald assertion, the Complaint affords no basis for inferring that Defendant Lines contracted with Plaintiff. For example, there is no averment of any consideration from Lines to Plaintiff.

"Generally, of course, an agent of a disclosed principal, even one who negotiates

and signs a contract for her principal, does not become a party to the contract." Bel-Ray Co. v. Chemrite Ltd., 181 F.3d 435, 445 (3d Cir. 1999). In this matter, the alleged express agreement between Plaintiff and the Corporate Defendant necessarily resulted from negotiations with Defendant Lines. It is evident that the alleged contract existed between the corporate parties, and not between Plaintiff and the individual Defendants. In this regard, Plaintiff does not allege that its corporate agent somehow became a party to the alleged agreement. Simply stated, the Complaint does not allege a plausible basis for relief against Defendant Lines. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007) (complaint must contain sufficient factual matter to show "plausible grounds to infer an agreement"). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

"When there is plainly no valid cause of action against non-diverse defendants, courts in this circuit and without have denied remand based on fraudulent joinder." Gil v. Related Management Co., Civ. No. 06-2174, 2006 WL 2358574, at *4 (D.N.J. 2006). Because the Complaint fails to allege facts sufficient to show a plausible breach of contract or quantum meruit claim against Defendant Lines, remand of this matter is not warranted. Id.

ACCORDINGLY, IT IS HEREBY ORDERED THAT Plaintiff's motion to remand (Dkt.

Entry 14) is DENIED.

                                        <u>s/ Thomas I. Vanaskie</u>
                                        Thomas I. Vanaskie
                                        United States District Judge